UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWIN BLESCH, et al.,

                       Plaintiffs,                    NOT FOR PUBLICATION

      -against-                              **MEMORANDUM & ORDER**

                                                       12-cv-1578 (CBA)

ERIC H. HOLDER, JR., United States Attorney
General, et. al.,

                       Defendants.
------------------------------------------------------------X

       The plaintiffs bring this action challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7, as it applies to the immigration rights of bi-national same-sex couples. The Department of Justice has provided notice to the plaintiffs and the Court that it will not defend the constitutionality of Section 3 of DOMA because

> The President and the Attorney General previously have concluded that Section 3 of DOMA classifies on the basis of sexual orientation; that heightened scrutiny is the appropriate standard of review for the classification based on sexual orientation in Section 3 of DOMA; [and] that, consistent with that standard, Section 3 of DOMA may not be constitutionally applied to same-sex coules whose marriages are legally recognized under state law . . . .

(Dkt. No. 14, filed May 25, 2012, at 1 and Ex. 1.) The DOJ also informed the Court of its "interest in providing Congress with a full and fair opportunity to participate in [this] litigation." (Id.) The DOJ will remain a party to this case in order to "represent the defendants and the interests of the United States throughout the litigation." (Id.)

       The Bipartisan Legal Advisory Group of the United States House of Representatives ("the House") has in turn filed a motion to intervene as a party defendant under Federal Rule of Civil Procedure 24(a)(2) for the purpose of defending Section 3 of DOMA against the plaintiffs' equal protection challenge. (Dkt. No. 9, filed May 15, 2012.) Neither the DOJ nor the plaintiffs oppose the House's intervention.

1

Over the past 12 months, the House has moved to intervene in numerous cases that challenge the constitutionality of Section 3 of DOMA.  Each of the 10 federal courts to consider the issue has permitted the House to intervene.  See Torres-Barragan v. Holder, No. 10-55768 (9th Cir. April 10, 2012) (ECF No. 56); Massachusetts v. U.S. Dep't of HHS, Nos. 10-2204, 10-2207, 10-2214 (1st Cir. June 16, 2011) (ECF No. 5558549); Revelis v. Napolitano, No. 11-cv-01991 (N.D. Ill. Jan. 5, 2012) (ECF No. 33); Cozen O'Connor, P.C. v. Tobits, No. 11-cv-00045 (E.D. Pa. Dec. 16, 2011) (ECF No. 82); Bishop v. United States, No. 04-cv-00848 (N.D. Okla. Aug. 5, 2011) (ECF No. 181); Lui v. Holder, 11-cv-01267 (C.D. Cal. July 13, 2011) (ECF No. 25); Dragovich v. U.S. Dep't of the Treasury, No. 10-cv-1564 (N.D. Cal. June 10, 2011) (ECF No. 88); Golinski v. U.S. Office of Pers. Mgmt., No. 10-cv-0257 (N.D. Cal. June 3, 2011) (ECF No. 116); Windsor v. United States, 10-cv-08435, 797 F. Supp. 2d 320 (S.D.N.Y. June 2, 2011); Pederson v. U.S. Office of Pers. Mgmt., 10-cv-01750 (D. Conn. May 27, 2011) (ECF No. 55).

The Second Circuit has held that a motion to intervene brought pursuant to Rule 24(a)(2) should be granted when four conditions are met:  "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties."  Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006).  Last year, the court in Windsor v. United States, 797 F. Supp. 2d 320 (S.D.N.Y. 2011), applied these four factors in a case involving a challenge to the constitutionality of Section 3 of DOMA and granted the House's motion to intervene.  Id. at 323-35.  The Court agrees with the analysis set forth in Windsor and, for the

same reasons, finds intervention appropriate here.  Accordingly, the Court grants the House's motion to intervene for the purpose of defending the constitutionality of Section 3 of DOMA.

Finally, the House asks this Court to waive its obligation under Federal Rule of Civil Procedure 24(c) to accompany its motion to intervene with "a pleading that sets out the claim or defense for which intervention is sought."  Fed R. Civ. P. 24(c).  The House argues that its motion to intervene is sufficient to put the parties on notice of the defense the House will assert in this case, "namely, that Section 3 of DOMA is constitutional under the equal protection component of the Fifth Amendment Due Process Clause." (Dkt. No. 10. at 15.)  The Court agrees that waiver of the pleading requirement is justified here because the House's position on this litigation is clearly articulated in its motion papers.  See Windsor, 779 F. Supp. 2d at 325-326 (waiving the House's pleading obligation after granting its motion to intervene to defend the constitutionality of Section 3 of DOMA); Tachiona v. Mugabe, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) ("In general, Rule 24(c) requires the submission of a formal motion and supplemental pleadings in order to trigger the motion. Where, however, the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements.").

For the reasons set forth above, the House's unopposed motion to intervene as a party defendant pursuant to Rule 24(a)(2) for the purpose of defending the constitutionality of Section 3 of DOMA is granted.

SO ORDERED.
Dated: Brooklyn, N.Y.
　　　　May 30, 2012　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Carol Bagley Amon
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

3